IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CHRISTOPHER JERELL O'NEAL                                              PLAINTIFF

v.                              Case No. 4:22-cv-01219-KGB

LENNOX INDUSTRIES                                                      DEFENDANT

**ORDER**

Before the Court is the motion to dismiss filed by defendant Lennox Industries ("Lennox") (Dkt. No. 6). Plaintiff Christopher Jerell O'Neal has not responded in opposition to the motion, despite making numerous other filings, and the time to respond has long since passed. Also before the Court is Lennox's emergency motion to compel plaintiff to respond fully to defendant's discovery requests and to appear for a deposition (Dkt. No. 21). Mr. O'Neal has also not responded in opposition to this motion, and the time to do so has passed. For the following reasons, the Court grants Lennox's motion to dismiss and denies as moot Lennox's motion to compel.

**I.     Background**

On December 8, 2022, Mr. O'Neal filed his complaint in this case (Dkt. No. 2). On August 14, 2023, the Court screened Mr. O'Neal's complaint and ordered service (Dkt. No. 4).

Mr. O'Neal's complaint alleges that Lennox, his former employer, discriminated against him because of his race by creating a hostile work environment that allowed another employee to attack and disfigure him (Dkt. No. 2, at 5, 16-18). Based on Mr. O'Neal's complaint, the Court understands Mr. O'Neal to allege that those events occurred sometime on or before 2014 (*Id.*, at 7).

Mr. O'Neal's complaint also alleges that he has requested employment several times with Lennox since 2014, that Lennox employees continue to harass and threaten him, and that Lennox

employees provide him with "bad work references when informed [he is] seeking other employment" (*Id.*, at 17-18). Mr. O'Neal does not specify when these alleged events occurred. Mr. O'Neal further alleges that in 2021 Lennox opened an office in Whitehall, Arkansas, "in efforts to recruit more violent employees in my area of Jefferson County, Arkansas for retaliation purposes." (*Id.*, at 16).

On his charge of discrimination filed with the Equal Employment Opportunity Commission, Mr. O'Neal indicated only a charge of retaliation (Dkt. No. 2, at 8). He contends in the charge that the discrimination took place on November 23, 2021 (*Id.*). Further, Mr. O'Neal filed his charge on May 19, 2022 (*Id.*).

Mr. O'Neal's complaint pending before this Court indicates that Mr. O'Neal seeks lost wages from the time that he alleges that he was forced to quit in his job in 2014 until today and $750,000.00 in punitive damages for the attack perpetrated by another employee (*Id.*, at 5).

## II.     Legal Standard

A Rule 12(b)(6) motion tests the legal sufficiency of the claim or claims stated in the complaint. *See Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although a complaint "does not need detailed factual allegations" to survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550

U.S. at 555.  Stated differently, the allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

A court considering a motion to dismiss must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences from those facts in favor of the non-moving party. *See Farm Credit Servs. of Am., FLCA v. Haun*, 734 F.3d 800, 804 (8th Cir. 2013); *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005); *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 914 (8th Cir. 2001).  However, a court need not credit conclusory allegations or "naked assertion[s] devoid of further factual enhancement." *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

### III.   Analysis

The Court acknowledges that Mr. O'Neal's charge is limited to retaliation (Dkt. No. 2, at 8).  Further, given the date Mr. O'Neal filed the charge, any allegations arising before July 23, 2021, are time-barred and not actionable.  Mr. O'Neal also only checked the "retaliation" box on the form complaint (*Id.*, at 4).

Even if Mr. O'Neal exhausted his administrative remedies as to a claim for race-based discrimination and even if Mr. O'Neal's complaint could be read to assert a claim for race-based discrimination, accepting all allegations in his complaint as true, Mr. O'Neal fails to state sufficiently such a claim.  A *prima facia* case of discrimination under Title VII requires that the plaintiff establish that: "(1) he is a member of a protected class; (2) he was meeting the employer's legitimate job expectations; (3) he suffered an adverse employment action; and (4) 'similarly situated employees outside the protected class were treated differently.'" *Singletary v. Missouri Dep't of Corr.*, 423 F.3d 886, 891 (8th Cir. 2005) (quoting *Shanklin v. Fitzgerald*, 397 F.3d 596,

602 (8th Cir. 2005)).  Mr. O'Neal has not alleged sufficient facts to raise the claim that Lennox treated similarly situated employees differently above a speculative level.

The only fact Mr. O'Neal alleges about Lennox's other employees is that "everyone except my attacker was white." (Dkt. No. 2, at 4).  The Court understands that this is a reference to the 2014 incident and not to Mr. O'Neal's alleged later attempts after 2014 to obtain employment at Lennox (*Id.*, at 17-19).  Mr. O'Neal alleges no other facts from which the Court can assess the plausibility of the claim that, during the actionable time period, he was treated differently than similarly situated employees outside his protected class based on race.  Accepting all the facts in Mr. O'Neal's complaint as true, and drawing all reasonable inferences in his favor, the Court finds that Mr. O'Neal fails to state a claim upon which relief can be granted for race discrimination.

Mr. O'Neal also fails to state a retaliation claim.  A *prima facia* case of retaliation requires a plaintiff to demonstrate that:  "(1) he engaged in protected conduct by either opposing an act of discrimination made unlawful by Title VII or participating in an investigation under Title VII; (2) he suffered an adverse employment action; and (3) the adverse action was causally linked to the protected conduct." *Singletary*, 423 F.3d at 892 (citing *Eliserio v. United Steelworkers of America Local 310*, 398 F.3d 1071, 1078–79 (8th Cir.2005)).  Mr. O'Neal appears to allege that Lennox engaged in retaliation when Vincent White attacked him in 2014, when Lennox did not hire him sometime after 2014, and when "Lennox opened an office in the city limits of Whitehall, Arkansas in efforts to recruit more violent employees in my area of Jefferson County, Arkansas for retaliation purposes." (*Id.*, at 16-19).

It is not clear from Mr. O'Neal's complaint what protected conduct he alleges that he engaged in before these instances of retaliation by Lennox purportedly occurred.  Mr. O'Neal does state that the "efforts to recruit more violent employees" to retaliate against him occurred "after

4

complaining to the Office of Federal Contract Compliance Programs on March 18, 2021" (*Id.*, at 16). However, even assuming that making the complaint with the Office of Federal Contract Compliance Programs was protected conduct, Mr. O'Neal has not alleged sufficient facts to make plausible the claim that there was any causal relationship between the alleged instances of retaliation and the complaint by Mr. O'Neal. Mr. O'Neal does not allege even the approximate months when any instances of retaliation purportedly occurred. Accepting the facts in Mr. O'Neal's complaint as true, and drawing all reasonable inferences in his favor, the Court finds that Mr. O'Neal fails to state a claim upon which relief can be granted for retaliation.

### IV. Conclusion

For the foregoing reasons, the Court grants Lennox's motion to dismiss (Dkt. No. 6). The Court denies Lennox's motion to compel as moot (Dkt. No. 21). The Court dismisses without prejudice Mr. O'Neal's claims against Lennox.

It is so ordered this 12th day of September, 2024.

_____
Kristine G. Baker
Chief United States District Judge